### R. M. HUTSON V. THE STATE.

No. 8514. Rendered November 26, 1924.

Rehearing denied December 12, 1924.

Incest—Evidence—of Relationship—Accomplice.

The Prosecuting Witness in this case, Essie Mann, who was clearly an accomplice, testified that appellant was her uncle. There is no other evidence of any relationship between appellant and prosecutrix. In the absence of corroboration, her testimony is not sufficient to support a conviction.

Appeal from the District Court of Cooke County. Tried below before the Hon. C. R. Pearman, Judge.

*J. T. Adams,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is incest; punishment fixed at confinement in the penitentiary for a period of ten years.

The indictment charged that:

"* * * R. M. Hutson, did unlawfully and incestuously, carnally know and have carnal knowledge of Essie Mann, who was then and there the daughter of his sister, the said Essie Mann being then and there the daughter of Mrs. G. W. Mann."

Essie Mann gave testimony showing the carnal knowledge with the appellant and said that he was her uncle, and that she was the daughter of Mrs. G. W. Mann. Her brother also testified that she was the daughter of Mrs. G. W. Mann. There is no proof that Mrs. G. W. Mann and the appellant were brother and sister. Upon that subject the evidence is silent.

The testimony of Essie Mann characterized her as an accomplice. The court so instructed the jury and told them that no conviction could rest upon her testimony alone. There is corroboration touching the act of intercourse. There is no evidence corroborating her statement that

the appellant was her uncle, and there is in the record no proof of that fact save that which came from her declaration. It is possible that the State might have omitted from the indictment the averment that Essie Mann was the daughter of Mrs. G. W. Mann. See Wharton's Crim. Proc., Vol. 2, sec. 752, p. 1040. It was necessary, however that there be some averment of relationship, and the averment that Essie Mann was the daughter of the sister of the appellant, if sufficient without the evidence of the sister, would not have dispensed with the necessity of proof. The evidence of relationship falls short of the demand of the law, whereas reliance is made upon the uncorroborated testimony of the accomplice.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*